1
2
3
4
5
6
7
8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10    JARROD MASON,

11              Plaintiff,                    1:06-CV-00793 ALA P

12         vs.

13    W.A. SULLIVAN, et al.,

14              Defendants.               ORDER

15    _____/

16         Plaintiff Jarrod Masson is a state prisoner proceeding pro se and in forma pauperis.  On

17    June 22, 2006, Plaintiff filed a complaint pursuant to 42 U.S.C. § 1983.

18                                         **I**

19         Pursuant to 28 U.S.C. § 1915A(a), when the litigant is a prisoner, the court must screen

20    complaints brought against a governmental entity or officer or employee of a governmental

21    entity.  The Court must dismiss the complaint if the claims contained in it, even when read

22    broadly, are legally frivolous, malicious, fail to state a claim upon which relief may be granted,

23    or seek money damages from a defendant who is immune from such relief.  28 U.S.C. §

24    1915(A)(b).  A claim "is frivolous [if] it lacks an arguable basis either in law or in fact."  *Neitzke*

25    *v. Williams*, 490 U.S. 319, 325 (1989).  "At this stage of the litigation, [this Court] must accept

26    [Plaintiff's] allegations as true."  *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).  "A court

1  may dismiss a complaint only if it is clear that no relief could be granted under any set of facts
2  that could be proved consistent with the allegations." *Id.*

3      "To sustain an action under section 1983, a plaintiff must show (1) that the conduct
4  complained of was committed by a person acting under color of state law; and (2) that the
5  conduct deprived the plaintiff of a federal constitutional or statutory right." *Hydrick v. Hunter*,
6  466 F.3d 676, 689 (9th Cr. 2006) (quoting *Wood v. Ostrander*, 879 F.2d 583, 587 (9th
7  Cir.1989)).  "A person 'subjects' another to the deprivation of a constitutional right, within the
8  meaning of 1983, if [that person] does an affirmative act, participates in another's affirmative
9  acts, or omits to perform an act which [that person] is legally required to do that causes the
10  deprivation of which complaint is made." *Id*. (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th
11  Cir.1978)). There is no respondeat superior liability under § 1983, and a person can only be
12  subject to § 1983 liability for the acts of others "[i]n limited circumstances." *Id*. "[A] supervisor
13  is liable for the constitutional violations of subordinates, 'if the supervisor participated in or
14  directed the violations, or knew of the violations and failed to act to prevent them.' " *Id*. (quoting
15  *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir.1989)).

## II

17      Plaintiff alleges that on March 29, 2005, Defendant Zucker pepper sprayed Plaintiff
18  "willfully and knowingly with the specific intent to wrongfully harm Plaintiff."  Complaint at 3.
19  Plaintiff alleges that the other named Defendant's either attempted to "block" Plaintiff's appeal
20  or did not conduct an adequate investigation.  *Id.*

21      The  "settled rule [is] that 'the unnecessary and wanton infliction of pain ... constitutes
22  cruel and unusual punishment forbidden by the Eighth Amendment.' " *Martinez v. Stanford*, 323
23  F.3d 1178, 1184 (9th Cir. 2003) (quoting *Hudson v. McMillian*, 503 U.S. 1, 5 (1992).  When
24  attempting to subdue a disturbance involving prisoners "the question of whether the measure
25  taken inflicted unnecessary and wanton pain and suffering ultimately turns on 'whether force
26  was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically

1  for the very purpose of causing harm.' " *Id.* In reaching a determination, the Court in *Hudson*

2  established five factors to be considered: (1) the extent of injury suffered by an inmate; (2) the

3  need for application of force; (3) the relationship between that need and the amount of force

4  used; (4) the threat reasonably perceived by the responsible officials; and (5) any efforts made to

5  temper the severity of a forceful response. *Id.* With respect to the injury suffered by an inmate,

6  "[t]he absence of serious injury is therefore relevant to the Eighth Amendment inquiry, but does

7  not end it." *Id.*

8      While the complaint identifies the parties involved and Plaintiff's conclusions as to the

9  legality of their actions, the complaint does not provide any other details or information about

10  the events that occurred. The allegations in a complaint must "'give the defendant fair notice of

11  what the plaintiff's claim is and the grounds upon which it rests.'" *Swierkiewicz v. Sorema N.A.*,

12  534 U.S. 506, 512 (2002) (citations omitted); *see also Sherman v. Yakahi*, 549 F.2d 1287, 1290

13  (9th Cir. 1977) (explaining that conclusory allegations and citation to constitutional amendments

14  are insufficient to state cognizable claims for relief). The court finds that Plaintiff's allegations

15  are too vague and conclusory to properly provide Defendants sufficient information about the

16  events that occurred.

17      Additionally, it seems that, with the exception of Defendant Zucker, Plaintiff is suing

18  Defendants based on their position as supervisors. Plaintiff is advised that the Ninth Circuit has

19  "found supervisorial liability under § 1983 where the supervisor was personally involved in the

20  constitutional deprivation or a sufficient causal connection exists between the supervisor's

21  unlawful conduct and the constitutional violation." *Edgerly v. City & County of San Francisco*,

22  495 F.3d 645, 660 (9th Cir. 2007) (internal quotation marks omitted). "Thus, supervisors 'can be

23  held liable for: 1) their own culpable action or inaction in the training, supervision, or control of

24  subordinates; 2) their acquiescence in the constitutional deprivation of which a complaint is

25  made; or 3) for conduct that showed a reckless or callous indifference to the rights of others.'"

26  *Id.* (citations omitted).

3

### III

To proceed, Plaintiff must file an amended complaint.  Any amended complaint must show that the federal court has jurisdiction and that Plaintiff's action is brought in the right place, that Plaintiff is entitled to relief if Plaintiff's allegations are true, and must contain a request for particular relief.  Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving Plaintiff of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).  If Plaintiff contends he was the victim of a conspiracy, he must identify the participants and allege their agreement to deprive him of a specific federal constitutional right.

In an amended complaint, the allegations must be set forth in numbered paragraphs.  FED. R. CIV. P. 10(B).  Plaintiff may join multiple claims if they are all against a single defendant. FED. R. CIV. P. 18(a).  If Plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs.  FED. R. CIV. P. 10(b).

The federal rules contemplate brevity.  *See Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)."); FED. R. CIV. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).

Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly.  *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); FED. R. CIV. P. 8.

Plaintiff must eliminate from Plaintiff's pleading all preambles, introductions, argument, speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible defenses, summaries, and the like. *McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996)

1   (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning); *see Crawford-El*

2   *v. Britton*, 523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of

3   Civil Procedure is fully warranted" in prisoner cases).

4          A district court must construe pro se pleading "liberally" to determine if it states a claim

5   and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give a plaintiff an

6   opportunity to cure them. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).  However,

7   the "[f]actual allegations must be enough to raise a right to relief above the speculative level on

8   the assumption that all the allegations in the compliant are true (even if doubtful in fact)."  *Bell*

9   *Atlantic Corporation v. Twombly*, ___ U.S. ___, 127 S.Ct. 1995, 1965 (2007) (citations omitted).

10         The court (and Defendant) should be able to read and understand Plaintiff's pleading

11  within minutes.  *McHenry*, 84 F.3d at 1177.  A long, rambling pleading, including many

12  defendants with unexplained, tenuous or implausible connection to the alleged constitutional

13  injury or joining a series of unrelated claims against many defendants very likely will result in

14  delaying the review required by 28 U.S.C. § 1915 and an order dismissing Plaintiff's action

15  pursuant to Fed. R. Civ. P. 41 for violation of these instructions.

16         An amended complaint must be complete in itself without reference to any prior

17  pleading.  Local Rule 15-220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Once Plaintiff

18  files an amended complaint, the original pleading is superseded.

19         Plaintiff is admonished that by signing an amended complaint he certifies he has made

20  reasonable inquiry and has evidentiary support for his allegations and that for violation of this

21  rule the court may impose sanctions sufficient to deter repetition by plaintiff or others.  FED. R.

22  CIV. P. 11.  Prison rules require Plaintiff to obey all laws, including this one, and Plaintiff may

23  be punished by prison authorities for violation of the court's rules and orders.  *See* 15 Cal.

24  Admin. Code § 3005.

25         A prisoner may bring no § 1983 action until he has exhausted such administrative

26  remedies as are available to him.  42 U.S.C. § 1997e(a).  The requirement is mandatory.  *Booth*

1    *v. Churner*, 532 U.S. 731, 741 (2001).  Plaintiff is further admonished that by signing an

2    amended complaint he certifies his claims are warranted by existing law, including the law that

3    he exhaust administrative remedies, and that for violation of this rule plaintiff risks dismissal of

4    his action.

5                                                      **IV**

6            Therefore,  IT IS HEREBY ORDERED that:

7                    1.  Plaintiff's June 22, 2006, complaint is dismissed; and

8                    2.  Plaintiff is granted thirty-five (35) days from the date of this order to file a first

9    amended complaint.  Failure to file a first amended complaint will result in this matter being

10   dismissed.

11   */////*

12   Dated: December 19, 2007

13                                                   /s/ Arthur Alarcón
                                                    UNITED STATES CIRCUIT JUDGE
14                                                  Sitting by Designation

15

16

17

18

19

20

21

22

23

24

25

26